UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW GREENWOOD,<br><br>Defendant. | NO. MJ23-5000<br><br>**GOVERNMENT'S RESPONSE TO MOTION TO REVOKE DETENTION ORDER** |

## I.   INTRODUCTION

On Christmas Day, Matthew Greenwood and codefendant Jeremy Crahan endeavored to commit a series of burglaries. They went about this in a stunningly dangerous and reckless way – by breaking into four electrical substations and damaging the equipment to cause widespread power outages. Once the power was out, they planned to break into local businesses and ATM machines. They caused an electrical fire at one of the substations and a total of more than $3 million in damage that will take years to fully repair. They did, in fact, burglarize at least one local business while the power was out.

Over the next couple days, their sabotage of the substations and the resultant loss of power for thousands of residents was front page news. This did not deter Greenwood and Crahan from further criminal activity. Instead, they spent the next two nights casing out another substation, planning to cause another power outage by felling trees abutting the power lines. Fortunately, they were arrested prior to executing this plan.

Response to Motion to Revoke Detention Order – 1
*United States v. Greenwood,* MJ23-5000

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

On December 31, 2022, Greenwood and Crahan were charged by Complaint with the offense of *Conspiracy to Damage Energy Facilities*, in violation of Title 18, United States Code, Section 1366. Greenwood was also charged with the additional offense of *Possession of Unregistered Firearms*, pertaining to a short-barreled shotgun and short-barreled rifle with a homemade silencer that the FBI seized from his residence. Dkt. 2 (Complaint).

On January 6, 2023, Magistrate Judge J. Richard Creatura presided over a detention hearing for Greenwood and entered a Detention Order (Dkt. 15, 16), concluding: "I cannot release you with the belief that you can be successfully supervised at this time without being a danger to the community." Transcript at 32.[1] Greenwood now seeks review of that order.

## II.  LEGAL STANDARD

The Bail Reform Act allows pretrial detention of a defendant without bail if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Detention is appropriate if a defendant is a danger to the community or a flight risk; he need not be both. *United States v. Motamedi*, 767 F.2d 1403, 1405–06 (9th Cir. 1985). A finding of dangerousness must be supported by clear and convincing evidence and of flight risk by a preponderance of the evidence. 18 U.S.C. § 3142(f); *Motamedi*, 767 F.2d at 1407.

Where, as here, a defendant is charged with an offense listed in Title 18, United States Code, Section 2332b(g)(5)(B), there is a presumption for pretrial detention. 18 U.S.C. § 3142(e)(3)(C). This is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). "Although the

---

[1] The transcript of the detention hearing is attached as Exhibit A to the defendant's Motion to Revoke (Dkt. 28).

Response to Motion to Revoke Detention Order – 2
*United States v. Greenwood,* MJ23-5000

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government." *United States v. Hir*, 517 F.3d 1081, 1086-87 (9th Cir. 2008). Even if successfully rebutted, "the presumption is not erased" but rather "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Hir*, 517 F.3d at 1086. The presumption is not simply an evidentiary tool; instead, "the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

If a defendant proffers evidence sufficient to rebut the presumption of detention, four factors guide the analysis of "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community": (1) the nature and circumstance of the charged offense, including whether it is a crime of violence and/or involves a firearm; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger his release would pose. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

The government may present evidence regarding these detention factors by way of evidentiary proffer sufficient to make the court aware of the defendant's role in the offense, the weight of the evidence against the defendant, and other relevant factors. *United States v. Salerno*, 481 U.S. 739, 743 (1987); *United States v. Winsor*, 785 F.2d 757 (9th Cir. 1986).

An appeal of a magistrate's detention order is governed by 18 U.S.C. § 3145. The district court reviews the magistrate judge's detention order *de novo* and "make[s] its own independent determination whether the magistrate's findings are correct, with no deference." *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990).

//

//

Response to Motion to Revoke Detention Order – 3
*United States v. Greenwood,* MJ23-5000

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### III. REVIEW OF THE DETENTION FACTORS

#### A. The Rebuttable Presumption for Detention.

As Judge Creatura correctly found (Transcript 27-28), there is a rebuttable presumption for detention in this case based on the offense charged in Count One of the Complaint – *Conspiracy to Damage Energy Facilities*. Section 3142(e)(3)(C) of the Bail Reform Act creates a presumption of detention for any offense listed in § 2332b(g)(5)(B), including the offense under "1366(a) (relating to destruction of an energy facility)." Although Count One cites generally to "Section 1366" without specific reference to subsection (a), it is clear from the charging language that the offense alleged is the one defined in Section 1366(a).[2] Therefore, the rebuttable presumption applies here.

Greenwood's ties to the local community and his proposal to undergo drug treatment are not enough to overcome the presumption for detention in this case. Moreover, each of the statutory factors listed in § 3142(g) weighs in favor of pretrial detention. As a result, Judge Creatura was correct in concluding that there is no combination of conditions that will reasonably ensure Greenwood's presence at future court proceedings or the safety the community. Dkt. 16 (Detention Order). This Court should come to the same conclusion.

#### B. The Nature and Circumstances of the Offenses.

Greenwood committed extremely serious offenses. The attacks on the substations were as dangerous as they were reckless. Greenwood and Crahan broke into the perimeters of four electrical substations and caused extensive damage with the aim of triggering widespread power outages. They caused sparks to fly and at least one electrical fire. It is fortunate that a larger fire or explosion did not occur.

---

[2] *Compare* 18 U.S.C. § 1366(a) (requiring a conspiracy to "damage the property of an energy facility in any amount . . . to cause a significant interruption or impairment to a function of an energy facility"); *with* Count One (charging Greenwood with conspiring to "damage the property of an energy facility and . . . to cause a significant interruption and impairment of a function of an energy facility").

Response to Motion to Revoke Detention Order – 4
*United States v. Greenwood,* MJ23-5000

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The offenses resulted in extensive damage to community members and the substations themselves. Thousands of residents lost power on Christmas Day – power they relied on to heat their homes during the winter and to maintain the use of medical devices and other essential electrical equipment. Moreover, Greenwood's offenses caused at least $3 million worth of damage to the energy facilities which will take up to three years to fully repair. Complaint at 4.

According to Greenwood, the motive behind these crimes was to enable him and Crahan to commit a series of burglaries against small businesses and ATM machines that would become easy targets once the power was out. This displays a remarkable lack of judgment, recklessness, and disregard for the community – putting thousands of people at risk to commit otherwise routine burglaries.

The defendant's recklessness and poor judgment is highlighted by what he and Crahan did during the two nights following their substation attacks. While the power outages were front-page news in the local newspapers and television news broadcasts – including that the FBI was joining local law enforcement in prioritizing identifying and arresting the perpetrators – one would think that Greenwood and Crahan would have laid low. Instead, they brazenly began plotting another attack on the electrical system. They spent the next two nights casing out another substation. As Greenwood later admitted, they were planning to cut down large trees which would crash into the power lines causing another power outage – in support of some more burglaries. Judge Creatura noted how "concerning" this conduct was. Transcript at 30 ("[E]ven after this offense, understanding the gravity of what you [are] alleged to have committed, you were on the trail of planning another offense. That is very concerning to the Court.").

Greenwood's possession of firearms at his residence was independently a serious offense. He is a convicted felon and therefore ineligible to possess firearms under state law. Notably, he did not possess just any firearms, but uniquely dangerous weapons that are illegal for anyone to possess. Specifically, Greenwood is charged with possessing a

Response to Motion to Revoke Detention Order – 5
*United States v. Greenwood,* MJ23-5000

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

short-barreled rifle with a homemade silencer attached and a short-barreled shotgun with no serial number. *See* Complaint at Count 2 and page 10.

### C. The Weight of the Evidence.

Although the weight of the evidence is the least important statutory factor, the Court is still "require[d]" to consider it. *Hir*, 517 F.3d at 1090 (finding that "the weight of the evidence clearly and convincingly establishe[d]" a likelihood that defendant would pose a danger if released); 18 U.S.C. § 3142(g)(2). In this case, the strength of the evidence weighs heavily in favor of detention. This evidence includes:

- Greenwood's confession to the crimes charged in Count 1 during a *Mirandized* post-arrest statement;

- Phone location data (in multiple forms) placing Greenwood's cell phone at the scene of all four substation attacks;

- Statements by multiple witnesses implicating Greenwood in the crimes, including his girlfriend's statements to the *Seattle Times* that Greenwood and Crahan came up with the plan to cut power from substations as a cover for burglaries: "He figured that a power outage would make it so they could get inside somewhere and take something of value . . . He wasn't thinking about the damage that could be done to other people. He was desperate.";[3] and

- Surveillance images taken from one of the substations matching Greenwood's appearance.

### D. Greenwood's History and Characteristics.

Several aspects of Greenwood's history and characteristics weigh in favor of pretrial detention.

Greenwood has a lengthy and persistent criminal history. Since 2011, he has never had a substantial crime-free period. Although Greenwood's convictions are not overly serious, there is one aspect of his criminal history that is particularly germane to the

---

[3] www.seattletimes.com/seattle-news/law-justice/two-charged-in-pierce-county-christmas-day-substation-attacks/

Response to Motion to Revoke Detention Order – 6
*United States v. Greenwood,* MJ23-5000

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

detention analysis – his recent failure to abide by court supervision and his commission of new crimes while under supervision and/or pending charges, as documented in the Pretrial Services Report.

On April 2, 2022, Greenwood was charged in Kitsap County Superior Court with the felony offense of Taking Vehicle Without Permission in the Second Degree. PTS Report at 6. The case is still pending trial. Greenwood failed to appear for a court hearing, resulting in the issuance of a bench warrant on May 25, 2002.

Just a few months later, on July 15, 2022, while on bond for this felony case, Greenwood was charged in Issaquah Municipal Court with Possession of a Dangerous Weapon and Possession of Another's Identification. PTS Report at 6. He was convicted of these offenses and sentenced to serve 18 days in prison, 346 days of suspended time, and 24 months of probation. The conditions of probation included no new law violations no firearm possession. PTS Report at 6.

Greenwood failed to follow the terms of his probation. Only five months later, he committed the crimes charged in the Complaint – a dramatic escalation of his criminal conduct and blatant disregard for the terms and conditions of probation.

As a result, this Court need not speculate as to whether Greenwood is trustworthy enough to abide by conditions of release. His pattern of conduct during 2022 makes clear that he cannot or will not abide by the terms of supervision.[4] *See* Transcript at 30 (Judge Creatura concluding, "[M]y ability to supervise you by imposing terms and conditions may be compromised because I can't trust that you're going to do the things I'm going to tell you to do.").

Although Greenwood has historical and family ties to the local community, these ties are insufficient to overcome the presumption for detention that applies in this case.

---

[4] Greenwood has also failed to appear for court hearings a total of 11 times. Although most of these FTAs were in relatively older cases, he also failed to appear for one hearing in 2022. PTS Report at 4-6.

Response to Motion to Revoke Detention Order – 7
*United States v. Greenwood,* MJ23-5000

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### E. The Danger to the Community Resulting from Release.

Greenwood's recent track record of reoffending – with escalating criminal conduct – and his disregard for court orders of supervision establishes by clear and convincing evidence that he will remain a danger to the community if released. The defense proposal for Greenwood to attend a brief period of in-patient drug treatment, along with the other components of his release plan, are not enough to overcome the presumption for detention and all the other factors weighing in favor of detention. *See* Transcript at 30 (Judge Creatura's finding that, "This program for drug treatment would be very good if not for the overriding considerations of the other factors I've told you about.").

Greenwood has struggled with an addiction to methamphetamine for approximately 15 years, with a recent relapse. PTS Report at 3. Although he likely would benefit from substance abuse treatment, the Court should have little confidence that, after a month or so at an in-patient (non-lock down) facility followed by placement in sober housing, he would no longer pose a danger to the community. All the same factors that led him to commit the charged crimes – lack of employment, desperation for money with a new child, etc. – will be in place upon his release into the community. His release would be a danger for the community.

### IV.   CONCLUSION

For all the foregoing reasons, the government respectfully submits that the Court should maintain the detention order in this case. A pretrial detention order is necessary and appropriate in this case.

DATED this 25th day of January, 2023.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*/s/ Todd Greenberg*
TODD GREENBERG
Assistant United States Attorney

Response to Motion to Revoke Detention Order – 8
*United States v. Greenwood,* MJ23-5000

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970