HONORABLE JUDGE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW GREENWOOD,<br><br>    Defendant. | No. MJ23-5000-1<br><br>MR. GREENWOOD'S REPLY TO GOVERNMENT RESPONSE IN OPPOSITION TO MOTION TO REVOKE DETENTION ORDER AND SET CONDITIONS OF RELEASE<br><br>NOTING DATE: January 27, 2023<br>*Oral Argument Requested* |

The government's Response to Mr. Greenwood's Motion to Revoke the Detention Order fails to demonstrate that Mr. Greenwood cannot be released on conditions. Rather, the government's response suggests at most that Mr. Greenwood faced extraordinarily difficult circumstances prior to his arrest that badly clouded his judgment and led to out-of-character poor decisions. Yet, the circumstances that the government highlights are each addressed by the proposed release plan and conditions of release. The government does not and cannot show that Mr. Greenwood presents an unmanageable risk of flight or danger. The Court should revoke the Detention Order and order Mr. Greenwood released on conditions.

I.  **ARGUMENT**

The government's arguments for detention fail because they rely excessively and incorrectly on the nature and circumstances of the offenses charged, and because they fail to account for the substantial ways that Mr. Greenwood's circumstances will be

REPLY TO RESPONSE TO MOTION TO
REVOKE DETENTION ORDER
(*United States v. Greenwood*, MJ23-5000-1) - 1

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

different if released on conditions here. When examined properly, the § 3142(g) factors require release on conditions.

### A. The nature and circumstances of the charged offenses weigh in favor of release.

In reciting the nature and circumstances of the offense, *see* 18 U.S.C. § 3142(g)(1), the government emphasizes Mr. Greenwood's "recklessness and poor judgment[.]" Dkt. No. 31 at 5. The government recognizes Mr. Greenwood's "lack of employment, desperation for money with a new child[,]" and Substance Use Disorder (SUD) as the root of his poor thinking. *Id*. at 8; *see also* Ex. A[1] at 14 (listing the bases for Mr. Greenwood's poor decision making as "his father being in prison, his girlfriend being pregnant and very close to giving birth, their lack of a stable residence, his unemployment, and basically his desperate need for money. On top of that, he's got the meth problem."). Nowhere does the government claim, and indeed there is no evidence, that Mr. Greenwood has any malice or intent to harm others.

These circumstances are readily addressed by conditions of release and Mr. Greenwood's proposed release plan. Mr. Greenwood, through counsel, has updated Pretrial Services and the government regarding his release plan. He has a confirmed bed date for a dual diagnosis inpatient treatment program, including door-to-door transportation. He has further now completed the application, been confirmed eligible, and is on the waitlist for sober and supportive housing to follow his completion of inpatient treatment. Through this latter program, he can also receive job placement and employment support. Additionally, Mr. Greenwood's partner is now herself housed in a program appropriate to her needs, and has further been accepted to long-term supportive housing for herself and her baby, to follow her current program.

---

[1] Exhibit A to Mr. Greenwood's Motion to Revoke Detention Order, Dkt. No. 28-2, contains the transcript of the original detention hearing.

REPLY TO RESPONSE TO MOTION TO
REVOKE DETENTION ORDER
(*United States v. Greenwood*, MJ23-5000-1) - 2

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

1    If released, Mr. Greenwood will receive intensive SUD treatment, as well as
2 mental health screening and support. He will transition to sober and supportive housing.
3 And he will no longer be the sole provider for his partner and baby—rather, he knows
4 they will be safe and well cared for by community supports. These conditions more
5 than adequately address the prior desperation, recklessness, and poor judgment that the
6 government highlights. If released under this plan, Mr. Greenwood will instead be
7 clear-headed, well-supported, and secure in his family's well-being.

8    The nature and circumstances of the charged offenses do not weigh in favor of
9 detention. The nature of the charged offenses is certainly serious, but not more serious
10 than numerous other cases in this district for which conditions of release have been
11 successful. *See, e.g.*, *United States v. Chapman*, CR22-5188-RJB (no pretrial violations
12 by man accused of crimes involving guns and threatening behavior driven by substance
13 use); *United States v. Williams*, CR19-0193-RAJ (no pretrial violations by man accused
14 of trafficking fentanyl and other drugs and possessing firearms in furtherance of drug
15 trafficking). Furthermore, the *circumstances* of the charged offenses here are precisely
16 the type that can be addressed by conditions of release. The circumstances do *not*
17 suggest any harmful or dangerous character trait of Mr. Greenwood's. Rather, they
18 indicate out-of-character, stressed, and hasty decision-making by a person at an
19 extraordinary low point in their life. The release plan, which focuses on SUD treatment
20 and holistic support for Mr. Greenwood, as well as *independent* support for his family,
21 will allow Mr. Greenwood to think clearly and to demonstrate his true character—a
22 generous and hard-working man who desires nothing more than to ensure his family's
23 safety. This factor weighs in favor of release.

24
25
26

REPLY TO RESPONSE TO MOTION TO
REVOKE DETENTION ORDER
(*United States v. Greenwood*, MJ23-5000-1) - 3

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

### B. The weight of the evidence is the least important factor, and does not warrant detention here.

The weight of the evidence, *see* 18 U.S.C. § 3142(g)(2), here does not indicate a risk of flight or danger. The government correctly recognizes that the weight of the evidence is the least important factor that the Court considers. *See* Dkt. No. 31 at 6. This is so, in part, because the weight of the evidence "may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community." *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). Indeed, undue weight on this factor may be reversible error because detention on this basis could impermissibly cross the line into punishment for a pretrial determination of guilt. *See id*.

Here, nothing about the weight of the evidence indicates that Mr. Greenwood presents an unmanageable risk of flight or danger. Rather, the evidence the government recites all indicates that Mr. Greenwood was easily locatable and cooperative with investigators. *See* Dkt. No. 31 at 6. It also does not indicate any unmanageable risk of danger. Rather, the evidence the government presents emphasizes Mr. Greenwood's *lack* of intent to cause any person harm. *See id*. The charges against Mr. Greenwood carry no mandatory minimum for which substantial evidence could raise a risk of flight. To the contrary, the weight of the evidence here emphasizes Mr. Greenwood's strong ties to this district. This factor too weighs in favor of release.

### C. Mr. Greenwood's history and characteristics weigh in favor of release.

As detailed at length in Mr. Greenwood's Motion to Revoke Detention Order, *see* Dkt. No. 28, Mr. Greenwood's history and characteristics weigh strongly in favor of release. *See* 18 U.S.C. § 3142(g)(3). The government focuses on a single aspect of Mr. Greenwood's history—his criminal record. Indeed, the government argues merely that

REPLY TO RESPONSE TO MOTION TO
REVOKE DETENTION ORDER
(*United States v. Greenwood*, MJ23-5000-1) - 4

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

Mr. Greenwood should not be released because he has violated terms of court supervision before. *See* Dkt. No. 31 at 6–7.

The government's argument fails because, among other things, it fails to account for the quality and circumstances of the past violations. As discussed previously, Mr. Greenwood was not under active supervision at the time of the violations emphasized by the government. And, the failure to appear mentioned was based only on a mailed summons—a mailed summons at a time when Mr. Greenwood lacked a stable address. Yet after addressing that missed hearing, the record is clear that Mr. Greenwood kept in regular contact with the Court to ensure he would not miss another hearing.

If released on conditions here, Mr. Greenwood will be on not only active, but high-level, supervision by the Pretrial Services Department. He will have likely two Pretrial Services Officers who will check in with him regularly—one to supervise his general progress, and another to supervise his electronic home monitoring. He will pre-clear his treatment, work, and parenting schedule with his Pretrial Services Officers, and will also report regularly to submit to drug testing with Pretrial Services (in addition to testing with his treatment provider and later housing program).

In addition to this high-level supervision and structure, Mr. Greenwood will have the ongoing support of counsel and counsel's in-house social work program. This support includes identification of appropriate community resources, assistance with applications and benefits coordination, and regular check-ins and assessment of needs and progress. Mr. Greenwood's struggles on unsupervised probation, or failure to respond to a summons he may not have actually received, do not predict his performance on active supervision. Rather, Mr. Greenwood's strong ties and family responsibilities, and his demonstrated efforts to try to comply with court orders *even when he lacked support*, indicate that he will be successful with the supportive and active supervision provided by this district's Pretrial Services Department.

REPLY TO RESPONSE TO MOTION TO
REVOKE DETENTION ORDER
(*United States v. Greenwood*, MJ23-5000-1) - 5

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

**D. Mr. Greenwood does not pose any danger to the community if released on conditions.**

The government has also not demonstrated that Mr. Greenwood would pose a danger to the community if released. *See* 18 U.S.C. § 3142(g)(4). Contrary to the government's argument, the stressful circumstances that surrounded Mr. Greenwood prior to his arrest will *not* persist under the proposed release plan. *See* Dkt. No. 31 at 8. The government argues that Mr. Greenwood poses a risk of danger to the community only because of the difficult circumstances he was facing—namely his lack of support, unemployment, desperation to support his partner and expected baby, and SUD. While his SUD is a chronic condition, the proposed conditions of release will specifically support Mr. Greenwood to manage his SUD in a healthy way. Indeed, by the time he is released to inpatient treatment, he will already have been in custody for approximately a month without use. So he will enter inpatient treatment having already made it through withdrawal, and ready to focus on long-term SUD management. His treatment program will also provide support for him to work through the significant grief he was experiencing due to the sudden loss of a family member shortly before his arrest.

The remaining factors will not continue to place a desperate burden on Mr. Greenwood either. First, while he lacked financial or family support before, Mr. Greenwood has now connected with two community programs to receive the support he needs. His prior unemployment will also not persist, as one of these programs will be able to assist him with not only job placement, but also employment support including provision of transportation, clothing, or equipment needed for his job. Finally, Mr. Greenwood will no longer be shouldering the sole burden of providing for his partner and child. His partner is now confirmed and accepted to long-term safe and supportive housing for herself and her baby. Mr. Greenwood no longer needs to worry about keeping a roof over their head or food in their stomachs. He knows they are safe and

REPLY TO RESPONSE TO MOTION TO
REVOKE DETENTION ORDER
(*United States v. Greenwood*, MJ23-5000-1) - 6

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

provided for, and he will be able to focus on his own recovery so he can be the father he wants to be. Mr. Greenwood does not pose any danger to the community.

## II. CONCLUSION

The Court should revoke the Detention Order and release Mr. Greenwood on conditions. The government has not met its burden to show that no conditions of release can reasonably assure Mr. Greenwood's reappearance or the safety of the community. Rather, Mr. Greenwood has lined up a strong release plan that will specifically address the difficult circumstances he faced prior to his arrest.

DATED this 26th day of January 2023.

Respectfully submitted,

s/ *Rebecca Fish*
Assistant Federal Public Defender
Attorney for Matthew Greenwood

REPLY TO RESPONSE TO MOTION TO
REVOKE DETENTION ORDER
(*United States v. Greenwood*, MJ23-5000-1) - 7

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710